UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SCOTLYNN USA DIVISION, INC.,

    Plaintiff,

v.                        Case No: 2:15-cv-381-FtM-29MRM

PARVINDER SINGH, an individual,

    Defendant.

## OPINION AND ORDER

This matter comes before the Court on review of plaintiff's Response to August 25, 2016 Order to Show Cause (Doc. #16) filed on September 2, 2016. On August 25, 2016, the Court issued an Order to Show Cause (Doc. #15) directing plaintiff to show cause why the case should not be dismissed or transferred to a proper judicial district based on statutory venue provisions of 49 U.S.C. § 14706(d)(1) (the Carmack Amendment). Plaintiff relies on the forum selection clause of the parties' Property Broker/Carrier Agreement, including additional language in the Agreement that it controls, and in the alternative argues that defendant waived improper venue by being in default.

A valid forum selection clause is "given controlling weight in all but the most exceptional cases." Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 33 (1988) (Kennedy, J., concurring) (citing M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972)).

The change of venue provision under 28 U.S.C. § 1404(a) determines "whether to give effect to the parties' forum-selection clause," Stewart, 487 U.S. at 32, however the Court now assumes a valid forum selection clause without consideration of private interests or the convenience of the parties.[1]  Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas, 134 S. Ct. 568, 581-582 (2013).  Cf. Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241 n.6 (1981) (When considering a § 1404(a) transfer, the Court considers non-exhaustive list of both private and public interest factors.).

The Court notes that plaintiff's initial choice of venue by contract is given some deference, but plaintiff bears the burden of showing why the case should not be transferred.  Atl. Marine Const., 134 S. Ct. at 581.  Public factors to be considered are the impact on congested courts; the burden of jury duty upon a community having no tie to the litigation; an interest in having localized controversies decided at home; and using a forum with the governing state law rather than having another court resolve a conflict of laws."  Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508–09 (1947).  Plaintiff filed the case here based on the forum selection clause, federal law and the laws of the State of Florida apply, and defendant did not appear and is in default.  Starting

---

[1] Ordinarily, the Court considers the convenience of the parties and witnesses, the interests of justice, and whether the case could be transferred to another district where the case might have been brought.  28 U.S.C. § 1404(a).

with the assumption that the forum selection clause should be enforced, the Court finds that the factors weigh in favor of keeping the case in the State of Florida and enforcing the forum selection clause.  That being said, the Carmack Amendment has its own venue provisions that may override any agreement to the contrary.

Under § 14706(d),

> (d) Civil actions.--
>
> (1) Against delivering carrier.--A civil action under this section may be brought against a delivering carrier in a district court of the United States or in a State court. Trial, if the action is brought in a district court of the United States is in a judicial district, and if in a State court, is in a State through which the defendant carrier operates.
>
> (2) Against carrier responsible for loss.--A civil action under this section may be brought against the carrier alleged to have caused the loss or damage, in the judicial district in which such loss or damage is alleged to have occurred.
>
> (3) Jurisdiction of courts.--A civil action under this section may be brought in a United States district court or in a State court.
>
> (4) Judicial district defined.--In this section, "judicial district" means--
>
> (A) in the case of a United States district court, a judicial district of the United States; and
>
> (B) in the case of a State court, the applicable geographic area over which such court exercises jurisdiction.

49 U.S.C. § 14706(d).  Courts that have addressed venue in the context of *household goods* have determined that "the Carmack Amendment essentially prohibits enforcement of forum-selection clauses and provides that suit may be brought against a carrier in a forum convenient to the shipper."  Stewart v. Am. Van Lines, No. 4:12CV394, 2014 WL 243509, at *4 (E.D. Tex. Jan. 21, 2014) (collecting cases).  This is based on the express language of § 14101(b)(1) providing that "A carrier providing transportation or service . . . may enter into a contract with a shipper, *other than for the movement of household goods. . . .*"   49 U.S.C. § 14101(b)(1) (emphasis added).

Herein, defendant carrier was acting as a freight forwarder by providing transportation of frozen pizza for "compensation and in the ordinary course of its business" and by assuming "responsibility for the transportation from the place of receipt to the place of destination."  49 U.S.C. § 13102(8)(B).  The Court agrees that this case is distinguishable, but for the reason that it does not involve the transportation of household goods, and therefore the parties can contract around the provisions of the Carmack Amendment.  See Smallwood v. Allied Van Lines, Inc., 660 F.3d 1115, 1121 (9th Cir. 2011) (finding that defendant was a carrier of household goods and therefore prohibited from contracting around the Carmack Amendment).  As a result, the

parties are free to expressly waive the rights and remedies under the Carmack Amendment, including venue.  49 U.S.C. § 14101(b).

Accordingly, it is hereby

**ORDERED:**

The Court will take no further action on the Order to Show Cause and the case will not be transferred.

**DONE and ORDERED** at Fort Myers, Florida, this __9th__ day of September, 2016.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record