UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SCOTLYNN USA DIVISION, INC.,

    Plaintiff,

v.	Case No: 2:15-cv-381-FtM-29MRM

PARVINDER SINGH, an individual,

    Defendant.
_____

**OPINION AND ORDER**

    This matter comes before the Court on plaintiff's Motion for Entry of Default Judgment (Doc. #14) filed on July 20, 2016. No response has been filed and the time to respond has expired. In support of the request for damages and attorney's fees, plaintiff filed the Affidavit of Katy Koestner Esquivel in Support (Doc. #14-1), counsel of record for plaintiff. The Court finds that an evidentiary hearing is not required and will render a decision based on the documents submitted.

    "A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established. [ ] A default judgment is unassailable on the merits, but only so far as it is supported by well-pleaded allegations. [ ] A default defendant may, on appeal, challenge the sufficiency of

the complaint, even if he may not challenge the sufficiency of the proof." Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc., 561 F.3d 1298, 1307 (11th Cir. 2009)(internal quotations and citations omitted).

### 1. Procedural History

On June 25, 2015, plaintiff Scotlynn USA Division, Inc. filed a Civil Action Complaint Against Motor Carrier Under 49 U.S.C. § 14706 and for Other Relief (Doc. #1) against Parvinder Singh doing business as Doberman Trucking Corp. alleging a violation of the Carmack Amendment to the Interstate Commerce Act and a Breach of a Property Broker/Carrier Agreement seeking damages in the amount of $44,880.56, plus interest, costs, and attorney's fees. Defendant was personally served with process, but failed to enter an appearance. (Doc. #9.) Plaintiff sought and obtained a Clerk's Default, and the Entry of Default (Doc. #12) issued on September 15, 2015. (Docs. ## 10-11.) Therefore, plaintiff has met the necessary prerequisite for a default judgment against defendant. Fed. R. Civ. P. 55(a).

### 2. Factual Basis

Deeming the well pled facts in the Complaint (Doc. #1) as admitted: Plaintiff is a motor freight brokerage company, licensed by the Federal Motor Carrier Safety Administration, to contract with common carriers to transport freight throughout the

country.  Defendant has operating authority to provide transportation service of shipments for plaintiff.  On or about December 7, 2013, plaintiff entered into a Property Broker/Carrier Agreement (Doc. #1-1) (the Agreement) with defendant to govern the transportation of loads of cargo for plaintiff's clients.  On or about December 19, 2014, defendant was hired to transport 2076 units of frozen pizzas from Kansas to Washington.  The goods were picked up the next day, acknowledged to be in good condition, and defendant assumed responsibility to deliver the goods in accordance with the Bill of Lading.  Defendant was instructed to maintain a continuous temperature of -10°F during transit, however the load was delivered on December 22, 2014 with a temperature of 15°F.  As a result, the recipient rejected the load of pizza and the load was destroyed because of the unsafe temperature of the pizzas.  On or about March 5, 2015, plaintiff provided defendant with formal notification of the claim for the entirety of the loss, $44,880.56.  Plaintiff states that all conditions precedent have been met or waived.[1]

---

[1] "The period for bringing a civil action is computed from the date the carrier gives a person written notice that the carrier has disallowed any part of the claim specified in the notice."  49 U.S.C. § 14706(e)(1).

**3. Count I – Carmack Amendment**

To establish a prima facie case of liability, plaintiff must show that the goods were delivered to defendant in good condition, that the good arrived in damaged condition, and that this resulted in a specific amount of damage. <u>Offshore Aviation v. Transcon Lines, Inc.</u>, 831 F.2d 1013, 1014 (11th Cir. 1987). "When a shipper shows delivery of goods to a carrier in good condition and non-delivery or delivery in a damaged condition, there arises a prima facie presumption of liability." <u>UPS Supply Chain Sols., Inc. v. Megatrux Transp., Inc.</u>, 750 F.3d 1282, 1285–86 (11th Cir. 2014). The Complaint establishes that the goods were delivered to defendant and that the goods were acknowledged as in good condition. The Complaint also establishes that the goods were inspected and found to be at the wrong temperature and that the load had to be destroyed in its entirety.

The bill of lading was not attached to the Complaint, and was not submitted in support of the request for a default judgment but the good were opened and inspected and the "bill of lading, by itself, is never sufficient to establish a prima facie case." <u>A.I.G. Uruguay Compania de Seguros, S.A. v. AAA Cooper Transp.</u>, 334 F.3d 997, 1004 (11th Cir. 2003) (citing <u>Offshore Aviation</u>, 831 F.2d at 1014–15). Based on defendant's default and the absence of anything to the contrary, the Court will assume liability has

not been limited, and that the shipper has not agreed to limit the carrier's liability to a declared value less than the actual loss or injury. See 49 U.S.C. § 14706(a)(1) (Generally, liability is for the actual loss or injury to the property caused); 49 U.S.C. § 14706(c)(1)(A) (a carrier may limit its liability to a value established by the shipper or by written agreement). See also UPS Supply, 750 F.3d at 1286. The Court notes that the parties' Agreement defines "full actual loss" as something to be determined by the shipper. (Doc. #1-1, ¶ 11.)

In support of the request for damages and attorney's fees, plaintiff filed the Affidavit of Katy Koestner Esquivel in Support (Doc. #14-1). Counsel indicates that defendant is not an infant or incompetent person, and is not an active duty member of the military. Counsel indicates that the loss of cargo is for a sum certain. The Court finds that plaintiff is entitled to a default judgment for the value of the destroyed cargo, or actual loss, in the amount of $44,880.56. (Doc. #14-1, ¶ 11.)

**4. Count II – Breach of Contract**

State law claims like a breach of the contract between the broker and carrier for "failures in the transportation and delivery goods", are generally preempted by the Carmack Amendment. Smith v. UPS, 296 F.3d 1244, 1246 (11th Cir. 2002). "In other words, separate and distinct conduct rather than injury must exist for a

claim to fall outside the preemptive scope of the Carmack Amendment." Id. at 1249. Count II is therefore preempted as to damages and will be dismissed without prejudice.[2]

Plaintiff also seeks attorney's fees pursuant to paragraph 22 of the Agreement and based on defendant's breach of the Agreement. Plaintiff articulates no legal basis for the claim of attorney's fees. The Court finds that the request falls under the broad preemption of the Carmack Amendment, and that the attorney's fees request must be denied. See Strickland Transp. Co. v. Am. Distrib. Co., 198 F.2d 546, 547 (5th Cir. 1952) (in reviewing the amount in controversy, the Fifth Circuit noted that attorney's fees were beyond the actual damages allowed by Congress, and therefore could not be considered); Missouri Pac. R. Co. v. Ctr. Plains Indus., Inc., 720 F.2d 818, 819 (5th Cir. 1983) (finding Strickland persuasive); Accura Sys., Inc. v. Watkins Motor Lines, Inc., 98 F.3d 874, 876 (5th Cir. 1996) (same). The Court finds that UPS Supply, which found that Strickland made no precedential ruling on

---

[2] Count II will also be dismissed because it incorporates the paragraphs of Count I making the Complaint a shotgun pleading. See Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1321 (11th Cir. 2015) (A common type of shotgun pleading "is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint.")

the scope of Carmack's preemption, is distinguishable because it found that attorney's fees were permitted in relation to the enforcement of an indemnity clause in an ongoing contract separate from the theft of goods.  UPS Supply, 750 F.3d at 1282.  The request for fees will be denied.

### 5. Costs

As part of the request for attorney's fees, plaintiff also seeks costs in the amount of $400.00 for the filing fee and $80.00 for personal service on Defendant.  (Doc. #14-1, ¶ 13.)  "Unless a federal statute, [the federal] rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party. . . .  Fed. R. Civ. P. 54(d)(1).  As these costs are otherwise taxable costs under 28 U.S.C. § 1920, the Court will direct that $480.00 be taxed against defendant.

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Motion for Entry of Default Judgment (Doc. #14) is **GRANTED** as to Count I in the amount of $44,880.56, and is otherwise **DENIED.**
2. The Clerk shall enter judgment accordingly in favor of plaintiff and against defendant as to Count I for the actual loss amount, and dismissing Count II without prejudice.

3. The Clerk is further directed to terminate all pending deadlines, issue the attached Bill of Costs, and close the file.

**DONE and ORDERED** at Fort Myers, Florida, this __9th__ day of September, 2016.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record